**Opinion issued July 9, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00070-CR

———————————

**CLYDE HUDSON RUTHERFORD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 262nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1364747**

---

## MEMORANDUM OPINION

Appellant, Clyde Hudson Rutherford, was charged with the offense of failure to comply with sex offender registration requirements, enhanced by two prior felony convictions for failure to register. Appellant pleaded guilty to the primary offense, pursuant to an agreement with the State that it would abandon the

first enhancement paragraph and would recommend punishment of confinement for 12 years. The trial court found appellant guilty, found the remaining enhancement paragraph true, and, in accordance with the terms of appellant's plea agreement with the State, sentenced appellant to confinement for 12 years. The trial court certified that this is a plea-bargain case and that appellant has no right of appeal. Appellant, proceeding pro se, has filed a notice of appeal. We dismiss the appeal.

The trial court's certification in the record before us states that this is a plea bargain case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). In a plea bargain case, the defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2). The record does not reflect that the trial court ruled on any pre-trial motions by appellant, other than granting appellant's motion to appoint counsel. Further, the record does not reflect that the trial court gave appellant permission to appeal.

An appeal must be dismissed if, as here, a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d). Accordingly, we dismiss this appeal for want of jurisdiction. *See*

*Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal."). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).